NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

SEP 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 11-50178 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01021-JLS-1 |
| v. | |
| **JOSE RAMIREZ-ACOLTZI**, | **MEMORANDUM**<sup>*</sup> |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted September 6, 2012
Pasadena, California

Before:     **KOZINSKI**, Chief Judge, **WATFORD** and **HURWITZ**, Circuit
            Judges.

Jose Ramirez-Acoltzi challenges his conviction for illegally entering the

United States after being deported.  He argues that the January 1997 deportation

upon which his conviction is based was fundamentally unfair because the

---

     <sup>*</sup>     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Immigration Judge failed to meaningfully advise Ramirez of his apparent eligibility for relief from deportation.

To prevail on this argument, Ramirez must demonstrate prejudice, which requires showing that a plausible ground for relief from deportation existed at the time of his deportation hearing. *See United States v. Muro-Inclan*, 249 F.3d 1180, 1185 (9th Cir. 2001) (citing *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000)). Because Ramirez argues that he was eligible for relief from deportation in part through a waiver of criminal inadmissibility, he must point to facts making it plausible that his deportation would have caused extreme hardship to his citizen family. *Id.* at 1184 (citing 8 U.S.C. § 1182(h)).

In his attempt to show the plausibility of an extreme hardship finding, Ramirez relies on his own declaration (which described his family ties in the United States), and counsel's argument that deportation would have harmed Ramirez's citizen daughter because her health would have deteriorated without the medicine Ramirez's economic support helped provide. Even if we could credit counsel's argument (as opposed to what the declaration actually says), these are merely the "common results of deportation," which we have held are insufficient to establish extreme hardship. *See Muro-Inclan*, 249 F.3d at 1185–86; *United States*

*v. Arce-Hernandez*, 163 F.3d 559, 563–64 (9th Cir. 1998). Accordingly, Ramirez

has failed to demonstrate prejudice.

**AFFIRMED.**